ARVIE WEBB, *alias* A. WEBB, v. THE STATE.

No. 19607.   Delivered April 20, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*J. R. Bogard,* of San Augustine, *J. R. Anderson,* of Center, and *J. B. Forse,* of Newton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is murder; the punishment, 10 years in the State Penitentiary.

This is the second appeal in this case. The opinion delivered on the former appeal will be found in [133 Texas. Crim. Rep. 32] 106 S. W. (2d) 683. The testimony adduced on the trial from which this appeal is prosecuted is in all of its essentials, similar to that on the former trial except for that given by Paul Chapman, whose testimony on this appeal raised the issue of self-defense. This issue was submitted to the jury by an appropriate instruction from the court. Appellant, now as then, contends that the court erred in admitting the purported dying declaration of the deceased. He contends that the same is hearsay and that the deceased was not conscious of approaching death because he lived more than two weeks after having made the declaration. We find ourselves unable to agree with him. It occurs to us that it makes no difference whether the declarant died in one day, one week or one month thereafter. If, at the time he made such declaration, he realized that death was inevitable as the result of the injury which he received, although he did not know the exact hour or day when he would depart from the sphere of life, such declaration would be admissible in evidence.

Appellant also contends now, as he did on the former appeal, that the court erred in admitting the testimony of Mrs. Noble Harris as to certain statements made by the deceased in connection with the dying declaration—as to what Paul Chapman said to the appellant immediately after the fatal blow was struck and what appellant suggested they would claim as a justification for his act in striking the deceased. We discussed this question in our former opinion and see no good reason for again entering upon an extended discussion thereof. We were of the opinion then, and we are of the opinion now, that such statement came within the rule of res gestae of the killing and was competent as a part of the dying declaration.

Bill of exception number five reflects the following occurrence: Mrs. Harris, while testifying in behalf of the State, was requested to state what the deceased said with reference to what occurred at the time he received the fatal injury, to which she

replied: "Noble told me they started fussing because Mr. Holmes at the river had whipped Arvie Webb."

The court promptly sustained appellant's objection to the statement and instructed the jury to disregard the same and not to consider it for any purpose. We are of the opinion that under said state of facts, the bill fails to reflect reversible error.

All other bills of exceptions complaining of the admission of evidence are qualified by the trial court and as thus qualified, fail to show reversible error.

Appellant urged a number of objections to the court's charge, his main objection being that the court erred in failing to instruct the jury as follows:

"Unless you find and believe from the evidence beyond a reasonable doubt that the deceased made the statements alleged to have been made by him voluntarily and at a time when he was conscious of approaching death as a result of the alleged injury inflicted upon him by the defendant and that he, at such time, had no hope of recovery and believed that death was imminent, to disregard said testimony."

If the issue had been raised as to whether or not the deceased was conscious of approaching death and had no hope of recovery, or as to its voluntary character, the charge might have been necessary. As we understand the record, however, there was no such issue raised and hence no instruction with reference thereto was necessary. In the absence of such an issue, the court's instruction that the jury were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, was sufficient.

The record shows that the court instructed the jury on the law of murder, with and without malice, aggravated assault, self-defense and with reference to the law of suspension of sentence. The court, thereby, accorded him all the legal rights to which he was entitled under the law and the facts. We have given a most careful consideration to all the other matters complained of and reached the conclusion that there is no reversible error in the record. The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

210

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again urges the same points upon which he relied for reversal originally. The Court has given its best effort to dispose of the questions correctly and has written on the important ones twice already. Most of them were discussed at greater length in the opinion on the first appeal, which is reported in [133 Texas Crim. Rep. 32] 106 S. W. (2d) 683, than in our original opinion on the present appeal. Reference is made to our former opinion for a more complete consideration of the points involved.

Believing we have reached the correct conclusions in our former opinions, appellant's motion for rehearing is overruled.